Slip Op. 08 - 14

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  | : |  |
|---|---|---|
| HARLEY & MYRA DORSEY, d/b/a CONCORDE FARMS, | : | |
| | : | |
| Plaintiffs, | : | **Before: MUSGRAVE, Senior Judge** |
| | : | |
| v. | : | Court No. 06-00449 |
| | : | |
| UNITED STATES SECRETARY OF AGRICULTURE | : | |
| | : | |
| Defendant. | : | |
| | : | |

[On the plaintiff's USCIT Rule 56.1 motion for judgment upon the administrative record of the denial of its application for trade adjustment assistance cash benefits, matter remanded to U.S. Department of Agriculture for further proceedings.]

Dated: January 25, 2008

## OPINION

*Steven D. Schwinn*, Associate Professor of Law, The John Marshall School, for the plaintiff.[1]

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director *Patricia M. McCarthy*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice (*Delisa M. Sanchez*), and Office of the General Counsel, U.S. Department of Agriculture, International Affairs and Commodity Programs Division (*Jeffrey Kahn*), of counsel, for the defendant.

Concorde Farms, a small grape vineyard in Washington State owned and operated by Harley

and Myra Dorsey, challenges the determination of the U.S. Department of Agriculture, Foreign

Agricultural Service ("USDA"), denying their application for monetary assistance under the Trade

---

[1]  The court would like to express its appreciation to Professor Schwinn for representing the plaintiffs *pro bono*.

Adjustment Assistance Program for Farmers ("TAA") for Washington concord grapes for marketing year 2004, as reconsidered pursuant to voluntary remand after this action was filed. The Court has jurisdiction pursuant to 19 U.S.C. § 2395(c). Concorde Farms moves for judgment pursuant to USCIT Rule 56.1.

Among other conditions, the TAA statute provides that payment of adjustment assistance shall be made to an adversely affected agricultural commodity producer covered by a certification under this part if "[t]he producer's net farm income (as determined by the Secretary) for the most recent year is less than the producer's net farm income for the latest year in which no adjustment assistance was received by the producer under this part." 19 U.S.C. § 2401e(a)(1)(C). Pursuant to such authorization, USDA defined "net farm income" to mean "net farm profit or loss, excluding payments under this part, reported to the Internal Revenue Service ["IRS"] for the tax year that most closely corresponds with the marketing year under consideration." 7 C.F.R. § 1580.102.

In order to qualify for adjustment assistance payments, applicants must "satisfy . . . all certifications of § 1580.301(e)." 7 C.F.R. § 1580.303(a). In turn, a separate regulation provides that in order to comply with the requisite certifications, the applicant "shall provide either—(i) Supporting documentation from a certified public accountant or attorney, or (ii) Relevant documentation and other supporting financial data, such as financial statements, balance sheets, and reports prepared for or provided to the [IRS] or another U.S. Government agency." 7 C.F.R. § 1580.301(e)(6).

Concorde Farms filed an application for TAA cash benefits with the USDA on April 20, 2006. Public Record Document ("RDoc") 1. Concorde Farms' application certified that its net farm income declined from the petition's pre-adjustment year. *Id.*

In support of its application, Concorde Farms submitted portions of its 2003 and 2004 tax returns. RDocs 2, 3. For IRS reporting purposes, for both tax years 2003 and 2004 Concorde Farms reported net farm income profits on Schedule F. RDocs 2, 3. For 2003, the tax return Concorde Farms submitted to the IRS reported a net farm profit of $41,888.00 on Line 36 (Net farm profit or (loss)) of Schedule F. RDoc 2. For 2004, the tax return Concorde Farms submitted to the IRS reported a net farm profit of $47,770.00 on line 36 (Net farm profit or (loss)) of Schedule F. RDoc 3. USDA denied Concorde Farms' application for cash benefits because it did not provide acceptable documentation of net farm or fishing income by the certification deadline (September 30) to show that its net income declined from that reported during the petition's pre-adjustment tax year. RDoc 23.

By letter to the Court dated December 12, 2006, Kirk Michels, a certified public accountant who provides accounting and tax preparation services for Concorde Farms, sought judicial review upon Concorde Farms' behalf of USDA's adverse determination. Attached to the letter are Concorde Farms' 2003 and 2004 Schedule F's and 2003 Form 4562, Schedule of Depreciation. The relevant portion of the letter observes that Concorde Farms'

> net income is reflected at $41,888; the 2004 net income shown at $47,770. The 2003 expenses included a non-recurring deduction of a Section 179 expensing of a wind machine for [$]23,414. This is a non-reoccurring tax election that brought down 2003 net income accordingly. Without inclusion of their one time tax election, the 2003 net income would have exceeded the 2004 income substantially. [Concorde Farms'] operating expenses

> consistently run in the high sixty thousands.  The true economic disaster they
> suffered is readily seen in their marked reduction in gross farm income from
> $133,936 in 2003 to [$]115,034 in 2004.

USCIT Court No. 06-00449, Docket Entry No. 2.

The Clerk of the Court accepted the letter as fulfilling in principle the requirements of the summons and complaint for the commencement of a civil action and it then served copies of the documents comprising the summons and complaint upon USDA and the United States Department of Justice. On April 11, 2007, USDA filed an answer to the complaint.  Thereafter, following a review of USDA's denial letter to the plaintiffs (RDoc 22-24) and the agency record, and after discussions with plaintiffs' counsel, on June 7, 2007, USDA filed a consent motion for voluntary remand because the agency's initial decision did not clearly indicate why Concorde Farms had failed to meet the net farm income test.[2]  The court granted the motion on June 12, 2007, and the case file, then including the complaint letter, was remanded to USDA.[3]

---

[2] Specifically, the motion stated it was unclear whether Concorde Farms' application was denied because it did not submit appropriate documentation by the required deadline, or whether it submitted appropriate documentation in a timely fashion, but USDA concluded based upon that information that its net farm income did not decline, *i.e.* the determination did not explain the basis for its denial of Concorde Farms' application.  Def.'s Consent Mot. for Voluntary Remand at 4. Further, the motion stated that based upon discussions with counsel for plaintiffs, USDA had become aware that counsel for plaintiffs wished an opportunity to provide additional information to USDA that Concorde Farms believed would assist USDA in making its redetermination.  *Id.*

[3] The Court's order directed Concorde Farms to "submit any additional information that it believes is relevant to USDA's determination with respect to net farm income no later than 30 days of this order." June 12, 2007 Order.  Counsel for the defendant contends that Concorde Farms "did not submit any additional information" to USDA for consideration during the remand proceedings. Def.'s Resp. to Pl.'s Rule 56.1 Mot at 6 (citing Remand Determination at 1, ¶ 1).  Be that as it may, counsel does not argue USDA was not obligated to consider Concorde Farms' complaint letter as part of its reconsideration.

By letter dated August 6, 2007, USDA filed with the Court the certified remand determination dated July 27, 2007 ("Rem. Det.").  After setting forth the relevant statutory and regulatory criteria for qualifying TAA benefits and the definition of key terms, USDA determined that Concorde Farms' net farm income, "as reported by Harley J. Dorsey to the [IRS], did not decrease from the preadjustment year, in this case 2003, to the applicable marketing year, in this case 2004."  The relevant portion of the public remand determination reads as follows:

> To determine whether there has been the requisite decline in net income from 2003 to 2004, the agency compared line 36, "Net farm profit or (loss)" on the 2003 and 2004 Schedule F's, which the agency believes is the best evidence of net farm income.  Line 36 is calculated by subtracting line 35, which sets forth the farm's total expenses, from line 11, which sets forth the farm's gross income.  Line 36 is consistent with the definition of net farm income in the regulation, and accords with the generally accepted definition of net income. Black's Law Dictionary defines "net income" to mean "[t]otal income from all sources minus deductions, exemptions, and other tax reductions."  It further states: "Income tax is computed on net income." Black's Law Dictionary (7th ed., 1999), 767.

> Mr. Dorsey indicated a net farm profit of $[*], as reported on line 36 of the Schedule F, for 2003. RDoc, 2. Mr. Dorsey indicated a net farm profit of $[*],as reported on line 36 of the Schedule F, for 2004.  RDoc, 3. Therefore, Concorde Farms' net farm income did not decline from 2003 to 2004.  Thus, Concorde Farms does not meet one of the mandatory criteria for eligibility for TAA cash benefits.

> Next, we address Concorde Farm's contention in the complaint that the non-recurring deduction of a Section 179 expensing of cost of a wind machine for $[*] should be excluded from its 2003 net farm income.  This contention is misplaced because the regulation defines net farm income as net profit or loss as reported to the IRS, and Mr. Dorsey's own calculation of net farm income as reported to the IRS included this expenditure as an expense on line16 of the 2003 Schedule F, an expense that Concorde Farms now contends should be excluded. RDoc, 2.  The amount of $[*] on line 16 of the 2003 Schedule F reflects the expenditure for the wind machine in the amount of $[*] plus $[*] for MACRS depreciation, as reported on the Form 4562. Attachment to complaint.

The definition of net farm income in the regulation requires the agency to look to the producer's net income as reported by the producer to the IRS. 7 C.F.R. § 1580.102. Mr. Dorsey's net farm income as reported to the IRS did, in fact, include this deduction. On the Form 4562, "Depreciation and Amortization," the Dorseys elected to expense the total cost of the 7-year wind machine in a single tax year, 2003. Presumably the election to report the expense in a single year was the most advantageous way to report the expense to the IRS from the standpoint [of] reducing the income taxes owed that year.

Accordingly, for the aforementioned reasons, we determine that the net farm income of plaintiff, as reported to the IRS in 2004 was greater than its net farm income reported to the IRS in 2003. Therefore, because Concorde Farms' net income did not decrease from the preadjustment year, 2003, to the applicable marketing year, 2004, Concorde Farms is not entitled to TAA cash benefits under the statute and the regulation.

Rem. Det. at 2-3.

Concorde Farms argues that USDA denied TAA cash benefits based solely upon a cursory and rote review of a single line item on its tax return and failed to take into account a letter from Concorde Farms' accountant explaining why the line item did not accurately represent its net farm income. The government argues the record shows that the letter was considered and that substantial evidence supports the denial of benefits.

### *Discussion*

In reviewing a challenge to a USDA determination on eligibility for trade adjustment assistance, the court will uphold the determination if the factual findings are supported by substantial evidence on the record and USDA's legal determinations are otherwise in accordance with law. 19 U.S.C. § 2395(b); *see also Former Employees of Shaw Pipe, Inc. v. United States Sec'y of Labor*, 21 CIT 1282, 1284-85, 988 F. Supp. 588, 590 (1997) (holding that substantial evidence is "more than a mere scintilla," it must be "sufficient evidence to reasonably support a conclusion") (internal

quotations and citation omitted). The findings of the Secretary of Agriculture are conclusive upon the Court if supported by substantial evidence. 19 U.S.C. § 2395(b). Towards that end, the court must consider whether the underlying determination shows that the agency has "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational explanation between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks and citation omitted).

In this instance, USDA's redetermination fails to abide by law. For purposes of the redetermination, the case file included the complaint letter from Concorde Farms' accountant contending that the wind machine expense deduction was extraordinary and distortive of Concorde Farms' "net farm income" and that for the purpose of determining net farm income for trade adjustment assistance benefits, such an extraordinary expense should be disregarded. *See*, *e.g.*, *Selivanoff v. United States Sec'y of Agric.*, 30 CIT ___, Slip Op. 06-55 at 8 (2006) ("Indeed, the Farm Financial Standards Council . . . urges that in order to provide an accurate picture of net farm income, the concept should include all gains and losses from disposal of farm capital assets *unless* those gains or losses qualify as an extraordinary item.") (emphasis in original). Yet, the redetermination first states, independently, that benefits would be denied because the Dorseys' net income as reported to the IRS on Concorde Farms' tax filings did not show a decline. Such a conclusion fails on its face to consider and analyze the Concorde Farms' accountant's contention, which is a material argument. *Cf. United States v. Nova Scotia Food Prods. Corp.*, 568 F.2d 240,

252 (2d Cir. 1977) ("[i]t is not in keeping with the rational [agency] process to leave vital questions,

raised by comments which are of cogent materiality, completely unanswered").

To the extent USDA then "considered" the accountant's contention, apparently as an

"alternative" basis for denying benefits, the redetermination merely states that "the regulation defines

net farm income as net profit or loss as reported to the IRS" and that it "requires the agency to look

to the producer's net income as reported by the producer to the IRS."  If, by this, USDA is implying

that when it determines net farm income it need *only* "look to" net income "as reported by the

producer to the IRS" and ignore other evidence or argument on the record, that position has already

been rejected.  *See*, *e.g.*, *Steen v. United States*, 468 F.3d 1357 (Fed. Cir. 2006).

In the final analysis, as counsel for the plaintiffs argues, the reasoning of the redetermination

is circular: net farm income is line 36 of the tax return because line 36 of the tax return is net farm

income.  This reasoning does not address the relevant argument on the record that the wind machine

deduction was extraordinary or explain why such expense should not be excluded from the

determination of net farm income.  Whether it is true that "the regulation requires the agency to look

to the producer's net income as reported by the producer to the IRS[,]" that does not end the analysis

the USDA is obliged to undertake if there is other information or argument on the record that bears

on the issue.  *See*, *e.g.*, *Steen*, *supra*; *Nova Scotia Foods*, *supra*.  This matter must therefore be

remanded for reconsideration.  And towards that end, this court reminds USDA of its posture in *Viet

Do v. United States Sec'y of Agriculture*, 30 CIT ___, 427 F.Supp.2d 1224 (2006), tacitly approved

in *Steen*, 468 F.3d at 1463, which has stood for the proposition that "extraordinary" net farm or

fishing income items, like capital gains or losses from the sale of business assets, are appropriately

excluded from the determination of net fishing income.


/s/  R. Kenton Musgrave
R. KENTON MUSGRAVE, Senior Judge


Dated: January 25, 2008
      New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| HARLEY & MYRA DORSEY, d/b/a CONCORDE FARMS, | : | |
| | : | |
| Plaintiffs, | : | **Before: MUSGRAVE, Senior Judge** |
| | : | |
| v. | : | Court No. 06-00449 |
| | : | |
| UNITED STATES SECRETARY OF AGRICULTURE | : | |
| | : | |
| Defendant. | : | |

## ORDER

Upon consideration of Plaintiff's Rule 56.1 Motion for Judgment on the Agency Record and supporting Memorandum of Points and Authorities of Law and all responses and replies thereto, and upon all papers and proceedings in this matter to this point, it is hereby

**ORDERED** that the United States Department of Agriculture's (the "Department's") denial of TAA cash benefits is vacated; and it is further

**ORDERED** that this case be remanded to the Department with instructions to reconsider Plaintiff's eligibility for TAA cash benefits, taking into consideration the impact of the Plaintiffs' claimed extraordinary deduction for its wind machine in 2003 in determining the Plaintiffs' net farm income; and it is further

**ORDERED** that the Department on remand shall construct a methodology that comports with applicable law for considering the Plaintiffs' claim that the deduction for its wind machine in

2003 is extraordinary and that such a deduction is properly excluded from the Department's determination of net farm income; and it is further

**ORDERED** that the Department on remand shall inform the Plaintiffs of its methodology prior to making its final determination(s); and it is further

**ORDERED** that the Department shall give the Plaintiffs an opportunity to place on the record any further documentation in accordance with 7 C.F.R. § 1580.301(e)(6); and it is further

**ORDERED** that the Department fully explain its methodology and its reasons for reaching its final determination with respect to the Plaintiffs' application in its results upon remand; and it is further

**ORDERED** that the Department's results upon remand are due within thirty (30) days of this Order, comments thereon within fifteen (15) days thereafter, no rebuttal without leave.

_/s/  R. Kenton Musgrave_
R. KENTON MUSGRAVE, Senior Judge

Dated: January 25, 2008
        New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____     By: _____
                                                          Deputy Clerk