Slip Op. 08 - 32

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |   |
|---|---|---|
| HARLEY & MYRA DORSEY, d/b/a CONCORDE FARMS, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | **Before: MUSGRAVE, Senior Judge** Court No. 06-00449 |
| UNITED STATES SECRETARY OF AGRICULTURE | : : : : | |
| Defendant. | : : | |

[On the government's motion for reconsideration of an opinion remanding to the U.S. Department of Agriculture for further proceedings, motion granted in part and denied in part.]

Dated: March 19, 2008

**OPINION AND ORDER**

*Steven D. Schwinn*, Associate Professor of Law, The John Marshall Law School, for the plaintiffs.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director *Patricia M. McCarthy*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice (*Delisa M. Sanchez*), and Office of the General Counsel, U.S. Department of Agriculture, International Affairs and Commodity Programs Division (*Jeffrey Kahn*), of counsel, for the defendant.

In *Dorsey v. U.S. Sec. of Ag.*, Slip Op. 08-14 (Jan. 25, 2008), familiarity with which is presumed, the court remanded to the U.S. Department of Agriculture, Foreign Agricultural Service ("FAS" or "USDA") FAS's negative redetermination on the Dorseys' application for trade adjustment assistance ("TAA") benefits on the ground that FAS had only presumed the Dorseys' election to report accelerated depreciation on a wind machine to the IRS in a single year "was the

most advantageous way to report the expense to the IRS from the standpoint [of] reducing the income taxes owed that year[,]" Remand Det. at 3, and, as a result, had not yet appeared to have fully considered the Dorseys' claim that the deduction distorted their TAA net farm income[1] and that it should be excluded therefrom. The defendant has now interposed a motion for reconsideration.

Disposition of such a motion is within the Court's discretion. *See* USCIT Rule 59(a). *See, e.g.*, *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990); *Union Camp Corp. v. United States*, 21 CIT 371, 372, 963 F. Supp. 1212, 1213 (1997). The purpose of reconsideration is to rectify "a significant flaw in the conduct of the original proceeding." *W.J. Byrnes & Co. v. United States*, 68 Cust.Ct. 358, 358 (1972) (footnote omitted). However, a court should not disturb its prior decision unless it is "manifestly erroneous." *See, e.g.*, *Starkey Labs., Inc. v. United States*, 24 CIT 504, 505, 110 F. Supp.2d 945, 946-47 (2000); *Volkswagen of Am., Inc. v. United States*, 22 CIT 280, 282, 4 F. Supp. 2d 1259, 1261 (1998). To the extent the present motion argues a significant flaw or manifest error, the matter merits further discussion. *See Starkey Labs*.

The government argues that FAS's interpretation of its own regulations and controlling legal precedent prevent it from excluding plaintiffs' deduction for the wind machine from their 2003 net farm income "as reported to the IRS." *See id.* at 3. Specifically, the government contends that *Steen v. United States*, 468 F.3d 1357 (Fed. Cir. 2006) rejected the argument that the Secretary of Agriculture "must make a case-by-case determination of net farm income instead of relying upon the [Internal Revenue Code ("IRC")] definition." *Id.* (referencing 468 F.3d at 1363-64).

---

[1] According to USDA regulations, "net fishing income" for the purpose of determining TAA means "net profit or loss, excluding payments under this part, reported to the Internal Revenue Service ["IRS"] for the tax year that most closely corresponds with the marketing year under consideration." 7 C.F.R. § 1580.102.

Court No. 06-00449 Page 3

"Net farm income" is not precisely defined in the IRC, but assuming for the sake of argument that the government is not jumping the gun or attempting to relitigate its position, it appears that the contention misconstrues *Steen*. In effect, the government's argument is that USDA regulations and law estop claimants from taking the position that the net farm/fishing income they report to the IRS is a distorted version of the net farm income that should be considered as their TAA net farm income (*cf.*, *e.g.*, 26 U.S.C. § 1301), yet, in contrast to such rigidity, the appellate decision actually observed that FAS's regulations are not "impermissibly rigid" and that they did not lead to legal error in the context of that case; further, it stated that "this is not a case in which reliance on tax returns has resulted in a determination that does not reflect the applicant's net income from all fishing sources[,]" implying that there may be instances where reliance upon tax return information may present a distorted picture of net farm/fishing income for TAA purposes. *Steen*, 468 F.3d at 1363. Thus, in a nutshell, the appellate court determined that FAS has not precluded itself by regulation from determining that a claimant's net farm income for purposes of TAA differs from what may have been reported to the IRS. *See id*. at 1363-64 ("the regulations make it reasonably clear that the determination of net farm income or net fishing income is not to be made solely on the basis of tax return information if other information is relevant to determining the producer's net income from all farming or fishing sources[;] . . . . the regulations are not solely and inflexibly linked to the producer's tax returns for this purpose").[2] And, in this matter, the government's motion itself

---

[2] The regulation governing the evidence that an applicant may provide in order to prove a decline in "net farm income," 7 C.F.R. § 1580.301(e)(6), is broader than the regulatory "definition" of "net farm income" as embodied in 7 C.F.R. § 1580.102, and thus the determination of "net farm income" for TAA purposes is not conditional upon "as reported to the IRS" as "defined" in section 1580.102. The provisions must be read *in pari materia*, and they permit proof of net farm income

(continued...)

Court No. 06-00449                                                                                    Page 4

acknowledges that to be the case insofar as it recognizes that *Steen* anticipated that if an applicant's net income as reported to the IRS includes revenue or expenses "unconnected to" farming/fishing business, *i.e.*, "extraordinary" income or expenses, then the producer's net farming/fishing income may not be equivalent to its net income as reported to the IRS and an adjustment to an applicant's net farming/fishing income "could potentially be relevant to the determination of an applicant's net farming/fishing income." *See* Def.'s Mot for Recons. at 2-3 (discussing *Steen*, 468 F.3d at 1363-64).

The jurisdiction of this Court conferred by Congress over these types of matters is " to affirm the action of the . . . Secretary of Agriculture . . . or to set such action aside, in whole or in part." 19 U.S.C. § 2395(c). The Dorseys' essential claim is that their tax returns present a distorted view of their TAA net farm income because of an "extraordinary" expense item. Is this "a case in which reliance on tax returns has resulted in a determination that does not reflect the applicant's net income" (*see Steen*, 468 F.3d at 1363)? That remains to be determined. In the meantime, the government argues it is undisputed that the wind machine is "directly connected" to the Dorseys' farm business and that

> this Court ordered USDA to construct a methodology for "*considering* the Plaintiffs' claim *that* the deduction for its wind machine in 2003 is

---

² (...continued)
for TAA purposes that may differ from what has been reported to the IRS. *Cf. Steen*, 468 F.3d. at 1364 ("we need not address in detail the circumstances in which other income or expenses may, or must, be considered in determining net fishing income" because the plaintiff "does not contend that his tax returns distort the net amount of his income"). *Cf. also*, *e.g.*, *Viraj Group v. United States*, 476 F.3d 1349, 1355 (Fed. Cir. 2007) (if there is ambiguity in regulation, a court gives the promulgating agency's interpretation substantial deference as long as the agency's interpretation is neither plainly erroneous nor inconsistent with the regulation); *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1282 (Fed. Cir. 2005) ("[a]n agency's interpretation of its own regulations is entitled to substantial deference and will be accepted unless it is plainly erroneous or inconsistent with the regulation").

> extraordinary and *that* such a deduction is properly excluded from [USDA's] determination of net farm income." January 25, 2008 Order at 1-2. Respectfully, the Court's order impermissibly directs USDA to substitute the Court's own judgment as to how net farm income should be defined and determined for that of the agency. Because Congress expressly delegated to the Secretary of Agriculture, not to courts of law, the responsibility to define and determine net farm income, the Court's order usurps USDA's statutory and regulatory responsibilities concerning the administration of the TAA program.

*Id*. at 3 (italics added).

It is possible that the plaintiffs may have pressed that interpretation of the January 25, 2008 Order before FAS prior to the government's motion. *Cf.* Pl.s' Resp. to Def.'s Mot for Recons. at 1 ("this Court ruled that the Department's definition of 'net income' was contrary to the statute and the Department's regulations, and that the Department must exclude the Plaintiffs' extraordinary expense for a wind machine in order to bring that definition within the statute and the Department's regulations"). Be that as it may, the "that" in the language of the Order quoted by the government was intended in the sense of "whether" (FAS had, of course, yet to reconsider the Dorseys' claim), but in view of the parties' arguments, it appears appropriate at this juncture to clarify for them that there has been no ruling that the claimed wind machine expense deduction *is* extraordinary or that it *is* appropriately excluded (or included) for the purpose of determining the plaintiffs' TAA net farm income; no opinion has been expressed to that effect, and all that Slip Op. 08-14 attempted to do was observe that TAA determinations must be based upon consideration of all record evidence and relevant claims, that there were analytical flaws in FAS's prior negative determination, and that it was therefore appropriate to remand the matter to FAS for further consideration. However, to avoid any "manifest" confusion, the court grants the motion in part in order to vacate, as redundant under

administrative legal principles, the above-quoted language of the order, and to substitute therefor *nunc pro tunc* the order that upon remand, FAS shall analyze and make appropriate findings with respect to whether the operation of the wind machine that encompasses the claimed accelerated depreciation expense, and any related income, are distinct from the Plaintiffs' farm business (notwithstanding any aggregation and reporting of such items on farm income filings as may be permitted on IRS forms) and whether the claimed deduction for such machine should be, therefore or otherwise, excluded from FAS's determination of the Plaintiffs' TAA net farm income.

    SO ORDERED.

                                    /s/ R. Kenton Musgrave
                                R. KENTON MUSGRAVE, Senior Judge

Dated: March 19, 2008
       New York, New York

# NOTICE OF ENTRY AND SERVICE

    This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

    Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

    or

    Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

    Tina Potuto Kimble
    Clerk of the Court

Date: _____    By: _____
                                                                                Deputy Clerk