Slip Op. 09 - 1

# UNITED STATES COURT OF INTERNATIONAL TRADE

|   |   |
|---|---|
| HARLEY & MYRA DORSEY, d/b/a CONCORDE FARMS, | : : : |
| Plaintiffs, | : : |
| v. | : **Before: MUSGRAVE, Senior Judge** |
| | : Court No. 06-00449 |
| UNITED STATES SECRETARY OF AGRICULTURE | : : : |
| Defendant. | : : : |

**JUDGMENT**

Upon remand of this matter pursuant to *Dorsey v. U.S. Sec'y of Ag.*, Slip Op. 08-76 (July 11, 2008), familiarity with which (and prior proceedings) is here presumed, the administrative record was reopened and supplemented with a financial statement for the plaintiffs for the periods ended December 31, 2000, 2001, 2002, 2003, and 2004. The Dorseys' accountants' compilation report thereof states that the financial statement was prepared on a cash basis in accordance with the Statements on Standards for Accounting Review Services issued by the American Institute of Certified Public Accountants and otherwise in accordance with Generally Accepted Accounting Principles (GAAP). According to the accountants' further clarification of the compilation report, the financial statement

> converts all the Dorseys' depreciable items—namely all fixed assets that have been taken as 179 deductions before 2005 and that would have materially affected the financial statements for 2003 and 2004—to straight-line depreciation over the life of the item, consistent with GAAP. This conversion eliminates the net-income distorting effect of 179 deductions.

Court No. 06-00449 Page 2

> More particularly: This conversion treats the Dorseys' extraordinary 179 deduction for a wind machine in 2003—which distorted the Dorseys' "net income" for that year—as an ordinary, straight-line deduction. . . .
>
> As stated in the Report, we prepared the Statement using a cash basis of accounting. The cash basis of accounting for the Report is the only departure from GAAP. We are unable to prepare a report based on the accrual method, but the differences in the net income line on the Statement under an accrual method would be negligible . . .."

Second Supp. AR (PDoc) at 6.

Whereupon the defendant considered such statement(s), and its Reconsideration Upon the Third Remand of the Application of Concorde Farms states that the agency

> determined that Concorde Farms' net farm income declined from its pre-adjustment year, 2003, to the applicable marketing year, 2004. As a result, Concorde Farms is entitled to cash benefits under the TAA statute and regulation.
>
> Concorde Farms' production of 387.4 tons of Concord grapes times the payment rate of $18.10 per ton for Washington State yields $7,011.94. AR, 1. Accordingly, payment under the TAA program in the amount of $7,011.94 is due Concorde Farms.

*Id*. (PDoc) at 2, 13.

The parties having provided no comment since that document's filing with the Court on October 30, 2008, it is therefore

ORDERED, ADJUDGED AND DECREED that the results of Reconsideration Upon the Third Remand of the Application of Concorde Farms be, and they hereby are, sustained.

                                                   /s/ R. Kenton Musgrave  
                                                  R. KENTON MUSGRAVE, Senior Judge

Dated: January 5, 2009  
       New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                      Deputy Clerk